UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDRA ARCIERI, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUNTUITY SOLAR LIMITED LIABILITY COMPANY, a New Jersey company<br><br>Defendant. | NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Sandra Arcieri ("Arcieri") brings this Class Action Complaint and Demand for Jury Trial against Defendant Suntuity Solar Limited Liability Company ("Suntuity") to stop the Defendant from violating the Telephone Consumer Protection Act by making unsolicited pre-recorded telemarketing calls, including multiple solicitation calls to phone numbers registered on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Arcieri, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1.  Plaintiff Sandra Arcieri is a resident of Weymouth, Massachusetts.

2.  Defendant Suntuity Solar is a New Jersey registered company headquartered in Holmdel, New Jersey. Defendant Suntuity Solar conducts business throughout this District and throughout the U.S.

## JURISDICTION AND VENUE

3.  This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant has its headquarters in this District and the wrongful conduct giving rise to this case was directed from this District.

**INTRODUCTION**

5. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

7. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

8. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

9. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

10. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

11. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

12. According to online robocall tracking service "YouMail," 3.3 billion robocalls were placed in June 2020 alone, at a rate of 111.2 million per day. www.robocallindex.com.

13. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

14. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

15. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

16. Suntuity Solar sells solar installation services to consumers who reside in New Jersey, Pennsylvania, Maryland, Florida, South Carolina, Rhode Island and Massachusetts.[3]

17. Suntuity Solar places pre-recorded solicitation telemarketing calls to consumers to generate business.

18. These calls are being placed without the express written consent from consumers who do not have an existing business relationship with Defendant.

19. For example, in Plaintiff Arcieri's case, Defendant placed multiple pre-recorded calls to her number though she has never given Defendant consent to call her and despite the fact that her phone number is registered on the DNC.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.suntuitysolar.com/solar-energy-services/residential-solar-power/

20. In response to these calls, Plaintiff Arcieri files this lawsuit seeking injunctive relief requiring the Defendant to cease from violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Classes and costs.

**SUNTUITY SOLAR OR ITS THIRD-PARTY TELEMARKETERS PLACE UNSOLICITED PRE-RECORDED SALES CALLS TO CONSUMERS**

21. Suntuity Solar places pre-recorded calls to consumers.

22. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded [solicitation] calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

23. Yet in violation of this rule, Defendant or its third-party telemarketers fail to obtain any express written consent prior to placing pre-recorded calls to telephone numbers such as those of Plaintiff Arcieri.

24. In addition, Suntuity is placing multiple solicitation calls to phone numbers that are registered on the DNC without consent.

25. Suntuity admits on their online job postings that agents cold call: "Regularly cultivate new business by both cold calling customers and pursuing company leads."[4]

26. Former employees admit that Suntuity instructs agents to make cold calls. As one former employee said: "In the interview, they'll tell you you are not cold-calling because it's all people who have inquired for Solar, this is a huge lie. It is all cold-calling. Expect to be on the phone with voice messages box and people who hang up on you." [5]

---

[4] https://jobsearcher.com/j/solar-sales-consultant-at-suntuity-in-holmdel-nj-oWnR3B and https://www.internships.com/posting/bug_38781118688
[5] https://www.glassdoor.com/Reviews/Employee-Review-Suntuity-RVW22268585.htm

27. There are numerous complaints posted online about the same kind of calls Plaintiff received from or on behalf of Defendant Suntuity, including complaints that were addressed to Suntuity directly:

**Better Business Bureau Complaints:**

- "Suntuity refuses to stop calling me after asking numerous managers, numerous times to put me on their do not call list. In addition, they continue to call me about a property I do not own. Then try to figure out my current address and continue to try and sell their product. Four times a day I receive calls which have been as early as 6 am and as late as 10:30pm. This is harassment."[6]

**Google.com Suntuity Complaints:**

- "Just got a call from some guy over there.. - Didn't really clarify his name or company until I asked. Wanted info on a house I haven't lived in since I was a kid."[7]
- "These people have called me everyday for weeks. It's as if I have been infested with roaches. You'd think that after their calls had been blocked so many times that they could assume no one here wants to converse with them, but not with these mannerless New Jersey Yankees. So, until they stop calling, this one-star rating will stand. Rudeness is not our way in the South!"[8]
- "I do not know how this company got my number, but they continue to harass me on a daily basis. I've asked them to stop calling, yet they continue to do so. The last time I asked them to stop calling the woman on the line said "Gladly" like I was asking something so rude and she couldn't wait to get rid of me. I never signed up for anything to do with this company, I never gave them permission to contact to me, I don't even know who they are. Would advise that you avoid a

---

[6] https://www.bbb.org/us/nj/holmdel/profile/solar-energy-equipment/suntuity-electric-llc-0221-90179341/complaints
[7] Google.com – "Suntuity" reviews
[8] *Id.*

company that illegally obtains phone numbers (that are registered on the national do not call list) and harasses the owner of that phone number."[9]

- "This company repeatedly calls my home and I've asked to be removed from their list. They told me it's a 'free' solar program when I asked what their services cost. Seems like a telemarketing scam to me with shady sales tactics."[10]

- "This company is a total scam and they call my phone 5 times a day for weeks on end. I block the number and they just switch to another one. Stop robo calling me ... I will never answer or use your service."[11]

- "These guys use robocalls to get customers"

**Other online telemarketing complaint sites:**

- "THEY ARE A REAL PAIN, IT IS SOME KIND OF SOLAR OUTFIT"[12]

- "green energy initiative robo call"[13]

- "being harassed calls multiple times a day, several calls within minutes of each other average 2-3 in a roll. no messages"[14]

- "Solar sales, I am on national do not call list, but I continue to get unsolicited calls from all types of sales or scams. This was just the most recent. Lady said I am not on the "do not call list" so they are not even paying attention to it."[15]

- "Solar sales, I am on national do not call list, but I continue to get unsolicited calls"[16]

- "I am on do not call list and they call me 3-4 times per day. This is ridiculous"[17]

---

[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] https://whocallsme.com/Phone-Number.aspx/9082791673
[13] https://www.shouldianswer.com/phone-number/6092569795
[14] *Id.*
[15] https://800notes.com/Phone.aspx/1-855-786-8848
[16] *Id.*
[17] *Id.*

## PLAINTIFF ARCIERI'S ALLEGATIONS

28. Plaintiff Arcieri registered her landline phone number on the DNC on August 16, 2003.

29. Plaintiff Arcieri's phone number is not associated with a business and is used for personal use only.

30. Plaintiff has received a series of unsolicited calls regarding solar installations from Defendant, some of which were placed using spoofed numbers.

31. In October 2020, Plaintiff began receiving unsolicited pre-recorded calls from, or on behalf of Defendant using phone numbers such as 862-240-0452, 856-241-8238, 508-341-1008, 443-252-3739, 908-341-0080 and 443-252-8730.

32. Defendant has left numerous voicemails for Plaintiff, the majority of which contained a pre-recorded message telling Plaintiff that she could be added to Defendant's do not call list by pressing '3'.

33. Defendant also left blank, hang-up voicemails.

34. Defendant also left Plaintiff voicemails asking her to call a phone number in order to reach a Suntuity sales representative.

35. For example, on November 11, 2020, Plaintiff received a pre-recorded voicemail from Defendant using phone number 443-252-8730.

36. The pre-recorded voicemail identifies the company as Suntuity and asks Plaintiff to call Defendant back at 792-487-3393.

37. The calls were designed to solicit the Plaintiff to purchase a solar panel package from Defendant.

38. The unauthorized solicitation telephone calls that Plaintiff received from or on behalf of Suntuity Solar, as alleged herein, have harmed Plaintiff Arcieri in the form of harassment, annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

39. Seeking redress for these injuries, Plaintiff Arcieri, on behalf of herself and Classes of similarly situated individuals, bring suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited pre-recorded telemarketing calls and telemarketing calls to telephone numbers that are registered on the DNC.

## CLASS ALLEGATIONS

40. Plaintiff Arcieri brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seek certification of the following Classes:

**Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) called (2) using a pre-recorded voice message, (3) for substantially the same reason Defendant called Plaintiff, and (4) for whom the Defendant claims it obtained the person's number the same way it obtained Plaintiff's number.

**Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of the Defendant) called more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff, and (5) for whom the Defendant claims it obtained the person's number the same way it obtained Plaintiff's number.

41. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff Arcieri anticipates the need to amend the Class definitions following appropriate discovery.

42. **Numerosity**: On information and belief, there are hundreds, if not thousands, of members of the Classes such that joinder of all members is impracticable.

43. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

- (a) whether Defendant Suntuity Solar or its agents placed pre-recorded voice message calls to Plaintiff Arcieri and members of the Pre-recorded Class without first obtaining consent to make the calls;
- (b) whether Defendant Suntuity Solar or its agents systematically made multiple calls to Plaintiff and other consumers whose telephone numbers were registered with the DNC without first obtaining consent to make the calls;
- (c) whether Defendant Suntuity Solar's calls to Plaintiff and other consumers were made for telemarketing purposes;
- (d) whether Defendant's conduct constitutes a violation of the TCPA;
- (e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

44. **Adequate Representation**: Plaintiff Arcieri will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff Arcieri has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff Arcieri and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff Arcieri nor her counsel have any interest adverse to the Classes.

45. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with

respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Arcieri. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Arcieri and the Pre-recorded No Consent Class)**

46. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

47. Defendant and/or its agents transmitted unwanted solicitation telephone calls to Plaintiff Arcieri and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

48. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff Arcieri and the other members of the Pre-recorded No Consent Class.

49. Defendant has, therefore, violated 47 U.S.C. §§ 227(b)(1)(A)(iii), (b)(1)(B). As a result of Defendant's conduct, Plaintiff Arcieri and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**SECOND CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Arcieri and the Do Not Registry Class)**

50. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

51. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered her or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

52. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

53. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Arcieri and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

54. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Arcieri and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

55. As a result of Defendant's conduct as alleged herein, Plaintiff Arcieri and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

56. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Arcieri individually and on behalf of the Classes, prays for the following relief:

57. An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff Arcieri as the representative of the Classes; and appointing her attorneys as Class Counsel;

58. An award of actual and/or statutory damages and costs;

59. An order declaring that Defendant's actions, as set out above, violate the TCPA;

60. An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

61. Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Arcieri requests a jury trial.

Respectfully submitted,

**SANDRA ARCIERI**, individually and on behalf of those similarly situated individuals,

Dated: November 16, 2020

By: /s/ Stefan Coleman

Stefan Coleman
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN
1072 Madison Ave, Unit 1
Lakewood, NJ 08701
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*

*Pro Hac Vice motion forthcoming